**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Enrique ORTEGA–ALFERES, also
known as Daniel Villalobos–Al-
feres, Defendant–Appellant.**

No. 08–40449
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 22, 2009.

Mark W. Patterson, Assistant U.S. At-
torney, U.S. Attorney's Office, Southern
District of Texas, Corpus Christi, TX, for
Plaintiff–Appellee.

Amador C. Garcia, Corpus Christi, TX,
for Defendant–Appellant.

Before WIENER, STEWART, and
CLEMENT, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Enrique Ortega–
Alferes (Ortega) appeals his guilty plea
conviction and sentence for being found in
the United States unlawfully after a prior
deportation. *See* 8 U.S.C. § 1326. The
district court applied the 16–level enhance-
ment in U.S.S.G. § 2L1.2(b)(1)(A)(ii) and
sentenced Ortega to 37 months of impris-
onment.

Ortega claims that the district court
committed reversible error because, before
accepting his guilty plea, it failed to warn
him that deportation was a possible conse-
quence of conviction. He also contends
that the district court erred by imposing
his enhancement based on the court's de-
termination that his prior Texas state con-
viction for robbery by threats qualified as
a crime of violence.

The possibility of deportation is a collat-
eral consequence of a guilty plea. *Santos–
Sanchez v. United States*, 548 F.3d 327,
336 (5th Cir.2008). A defendant need not
be told of his guilty plea's collateral conse-
quences in order that the plea may be
deemed voluntary and intelligent. *Id.*
Consequently, there is no merit to Orte-
ga's claim that the district court erred by
failing to warn him of the possibility of
deportation before accepting his guilty
plea.

Robbery is an enumerated crime of vio-
lence under § 2L1.2, comment. (n.
1(B)(iii)). In *United States v. Santieste-
ban–Hernandez*, 469 F.3d 376, 378–82 (5th
Cir.2006), we held that the definition of
robbery by threats under TEX. PENAL CODE
ANN. § 29.02 substantially corresponds to
the generic, contemporary meaning of rob-
bery and thus qualifies as an enumerated
offense under § 2L1.2. Accordingly, there
is no merit to Ortega's assertion that the
district court erred in applying the 16–
level enhancement under § 2L1.2 based on
his prior robbery conviction.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.